IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM LEONARDO MENDEZ,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No.  1:19-cr-84 CW<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion for Compassionate Release filed by Defendant Abraham Leonardo Mendez.  He is scheduled to be released from the Residential Reentry Management field office in Phoenix on August 17, 2026.  For the reasons stated below, the court denies the motion.

### FACTUAL BACKGROUND

In March 2026, Mr. Mendez had an appendectomy.  Mr. Mendez asserts treatment for his appendicitis was delayed, and then he failed to receive needed antibiotics and follow-up care following the surgery.  Mot. for Compassionate Release, at 1–2 (ECF No. 36).  This compromised his healing, but fortunately, he did not have to return to the hospital for additional treatment.  *Id.* at 2–3.  Based on his experience, however, he seeks compassionate release.

Mr. Mendez further seeks compassionate release so he can help his mother care for his younger brother who struggles with a mental illness, and also so can help care for his five stepchildren.  *Id.* at 3.

The motion does not assert that Mr. Mendez has exhausted his administrative remedies and the record contains no evidence that administrative remedies were pursued.

## ANALYSIS

A defendant faces a heavy burden when seeking compassionate release.  This is so because "[f]ederal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed; but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quotations and citation omitted). Compassionate release is one of the exceptions to the general rule.

A defendant may move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Although a defendant should exhaust administrative remedies before filing a motion in a district court, the United States Court of Appeals for the Tenth Circuit has held that the exhaustion requirement is merely a claim-processing rule, rather than a jurisdictional requirement.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  Moreover, the rule can be waived or forfeited unless raised by the United States.  *Id.* at 1030.  This means, even though the record does not show that Mr. Mendez pursued any administrative remedies, the issue is not dispositive.

Nevertheless, Mr. Mendez's motion does not satisfy the requirements for compassionate release.  Such relief may be granted when a court concludes that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Here, Mr. Mendez faced a serious medical issue, yet his treatment was delayed, and then he did not receive appropriate

follow-up care. While concerning, the situation has resolved and does not presently warrant compassionate release for medical care.

As for the care of his brother and stepchildren, the court has no reason to doubt that Mr. Mendez would provide additional support for their care. They are not without a caretaker, however, and Mr. Mendez will soon be released even without compassionate release. Consequently, the court concludes Mr. Mendez has failed to show extraordinary and compelling reasons for compassionate release.

## CONCLUSION

For the reasons stated above, the court denies the Motion for Compassionate Release (ECF No. 36).

DATED this 6th day of July, 2026.

BY THE COURT:

Clark Waddoups
United States District Judge